### DANTZLER v. COX & DANTZLER.

1. EVIDENCE.—WHERE FRAUD is alleged considerable latitude is permissible in the introduction of testimony, even when it is only remotely connected with the transactions out of which the controversy has arisen.

2. APPEAL.—INTRODUCTION OF IRRELEVANT EVIDENCE must necessarily be left in large measure to the discretion of the trial Judge and his rulings are not appealable unless there be abuse of discretion.

3. FRAUD—NEW TRIAL.—Verdict in favor of defendant alleging fraud will not be set aside because there is no direct and positive evidence sustaining the defense, where there are facts and circumstances from which jury may properly have drawn the inference. That the plaintiff did not testify in reply to evidence charging him with fraud, is a circumstance inferentially supporting the charge.

4. NEW TRIAL will not be granted where jury found for all of partnership defendants when one of them did not answer, his liability being admitted; where record does not show that this ground was urged on motion for new trial below, nor mentioned when verdict was announced, and record shows that such defendant has not entered up judgment on verdict.

MR. JUSTICE WOODS *thinks there was no evidence to support the verdict.*

Before ALDRICH, J., Darlington, November Term, 1904. Affirmed.

Action by D. K. Dantzler against E. R. Cox, A. L. Dantzler, J. E. Norment, H. L. Norment and Dora N. Nettles, partners under firm name of Cox & Dantzler. From judgment for defendants, plaintiff appeals on following exceptions:

"I. Because the Circuit Judge erred in admitting the testimony of the defendant, A. L. Dantzler, in regard to the amount of money that he invested in the business of the firm of the defendants, Cox & Dantzler, said testimony being entirely irrelevant to any issue raised by the pleadings, because it is expressly admitted by the defendants, both in their pleadings and their testimony, that the defendant, A. L. Dantzler, was a member of said firm, and the nature or extent of his interest in said firm is not in issue, nor is it relevant

to any fact in issue, it being manifest that said testimony was calculated to mislead and confuse the jury and to create prejudice against the plaintiff.

"II. Because the Circuit Court erred in allowing the defendant, A. L. Dantzler, to testify as to how much money he drew for personal use from the firm of Cox & Dantzler from time to time, (1) because said testimony was entirely irrelevant to any issue raised by the pleadings, and (2) because there was no evidence even tending to show that the plaintiff, D. K. Dantzler, had any notice or knowledge of the transactions in question, or was in anywise connected therewith, it being the manifest effect of said testimony to confuse and mislead the jury, and to prejudicially affect the plaintiff's case

. "III. Because the Circuit Judge erred in permitting the defendant, A. L. Dantzler, to testify as to how much board he paid, and when he paid it; how much life insurance he carried, and the amount of his premiums; how much money he spent on a visit to Washington, D. C., and where he got it from, etc.; (1) because said testimony is manifestly irrelevant to any issue in this case, and (2) because there is no evidence tending to prove that the plaintiff, D. K. Dantzler, had any notice or knowledge of the transactions in question, or was in anywise connected therewith, it being the manifest effect of said testimony to confuse and mislead the jury, and to prejudicially affect the plaintiff's case.

"IV. Because the Circuit Judge erred in permitting the defendant, A. L. Dantzler, to testify in regard to various and sundry entries in the books of Cox & Dantzler, because there was absolutely no evidence tending to prove that the plaintiff, D. K. Dantzler, had any notice or knowledge of such entries, or of any transaction affected thereby, or that he was in anywise connected therewith, it being manifestly the effect of said testimony to confuse and mislead the jury, and to prejudicially affect the plaintiff's case.

"V. Because his Honor erred in permitting the defendant, E. R. Cox, and defendants' witnesses, T. H. Coker, K. W.

Sloan and J. O. Muldrow, to testify in regard to entries on the books of Cox & Dantzler by the defendant, A. L. Dantzler; and in regard to transactions of defendant, A. L. Dantzler, with his codefendants, without proving that the plaintiff, D. K. Dantzler, had some notice or knowledge of said entries, or of the transactions affected thereby, or that he was in some way connected therewith, said testimony being entirely irrelevant and manifestly calculated to confuse and mislead the jury, and to create prejudice against the plaintiff.

"VI. Because the Circuit Judge erred in admitting the books of Cox & Dantzler as evidence, without any proof that the plaintiff, D. K. Dantzler, had any notice or knowledge whatever of the entries therein, or of the transactions thereby affected, said books being, under the circumstances, entirely irrelevant to any issue in this case, and being manifestly misleading and confusing to the jury, and calculated to create prejudice against the plaintiff.

"VII. Because the Circuit Judge erred in admitting testimony of K. W. Sloan in regard to entries on the books of the defendants, Cox & Dantzler, pertaining to a transaction of said firm with Mrs. J. J. Willis, said testimony being manifestly irrelevant, and calculated to mislead and confuse the jury, and to prejudicially affect the plaintiff's case.

"VIII. Because the Circuit Judge erred in overruling plaintiff's motion, at the close of the defendant's testimony, to strike out the testimony of E. R. Cox, A. L. Dantzler, T. H. Coker, K. W. Sloan, and J. O. Muldrow, in so far as the same related to the accounts of the firm of the defendants, Cox & Dantzler, and to the individual account of A. L. Dantzler, and in regard to all transactions between members of the firm of the defendants, Cox & Dantzler; and also all testimony in regard to the power and authority of the defendant, A. L. Dantzler, to make the notes in suit, because said testimony was entirely irrelevant, being unsupported by any evidence that the plaintiff, D. K. Dantzler, had any notice or knowledge of the matters in question, said testi-

mony being manifestly calculated to mislead and confuse the jury, and to create prejudice against the plaintiff.

"IX. Because the Circuit Judge erred in overruling plaintiff's motion for a new trial, there being absolutely no testimony to support the verdict of the jury, or tending in the slightest degree to prove fraud or collusion on the part of the plaintiff, as alleged in the answer.

"X. Because the Circuit Judge erred in refusing to set aside the verdict of the jury and grant a new trial, although the jury, in utter disregard of the evidence, found for the defendants generally, including the defendant, A. L. Dantzler, who did not answer the complaint, and whose liability is admitted."

*Messrs. Dargan & Coggeshall* and *Stevenson & Matheson,* for appellant. The former cite: *Limitation on right of member of firm to contract for firm is not binding on strangers without notice:* George on Part., 224, 228; 2 Pet., 284; 5 Pet., 529; 14 S. C., 621.

*Messrs. Spears & Dennis,* contra. *Mr. Spears* cites: *Question of relevancy of evidence is largely for trial Judge:* 54 S. C., 335; 17 Cyc., 1118. *In questions of fraud inferential facts may be shown:* 64 S. C., 69. *If there was error in admitting evidence it was cured by charge:* 50 S. C., 136; 52 S. C., 18.

October 30, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action upon two promissory notes, alleged to have been executed by the defendants under their firm name, in favor of the plaintiff.

The defendants denied the allegations of the complaint, except the fact of partnership, and set up as a defense, "that at the time of the alleged execution of the notes in suit, the defendant, A. L. Dantzler, was without authority to borrow money in the firm name, and if he did borrow money from

the plaintiff, and execute to him the notes in suit, it was for his own private benefit and use, and that the plaintiff had knowledge of these facts."

Also, "that the defendants, A. L. Dantzler, and his brother, the plaintiff, fraudulently and collusively made and accepted the notes in suit, in fraud of the rights of these defendants, and without their knowledge or consent; and, so far as the partnership is concerned, these notes are without consideration."

Also, "that the plaintiff, in collusion with his brother, the defendant, A. L. Dantzler, fraudulently waited until after said business had been wound up, and the defendant, A. L. Dantzler, had drawn from the firm whatever amounts were due him for salary, before any demand was made, in order that these defendants might be compelled to pay the whole amount of the notes, although no consideration passed from said plaintiff to defendants."

The jury rendered a verdict in favor of the defendants, and the plaintiff appealed upon exceptions, that will be set out in the report of the case.

When fraud is alleged, considerable latitude is permissible in the introduction of testimony, even when it is only remotely connected with the transaction out of which the controversy has arisen. One reason is, that in cases of fraud it frequently happens, that it is impossible to produce direct and positive evidence of such fact, and the party alleging it is necessarily forced to rely upon the inference to be drawn from the surrounding circumstances. There might not be a single fact, in itself, sufficient to establish the fraud, yet when they are considered together, their combined effect may produce conviction upon the minds of the jurors. Applying this rule to the case under consideration we are satisfied that the testimony, to the introduction of which the plaintiff objected, was admissible.

Furthermore, the introduction of irrelevant testimony must necessarily be left in large measure to the discretion of the presiding Judge, and his rulings are

not appealable unless there was an abuse of discretion, which has not been made to appear in this case.

These views dispose of all the exceptions, except the ninth and tenth.

The ninth exception assigns error in overruling the motion for a new trial, on the ground that there was no testimony to support the verdict. While there was no direct and positive testimony sustaining the defenses set up in the answer, still there were facts and circumstances, from which the jury might properly have drawn the inference, in favor of said allegations. The rule is thus stated in *Railroad* v. *Partlow,* 14 Rich., 237: "It may be that no one of the facts would of itself warrant the inference and yet, when taken together, they may produce belief, which is the object of all evidence." In 1 Greenl. Ev., sec. 51 *a,* it is said: "It is not necessary that the evidence should bear *directly* upon the issue. It is admissible if it tends to prove the issue or constitutes a link in the chain of proof; although alone it might not justify a verdict in accordance with it. All the circumstances mentioned in this ground may be regarded as links in the chain of proof, from which the jury might deduce the inference of the defendants' privity and direction in the acts of trespass. This is usually the case where an issue depends on circumstantial evidence. Among the circumstances was the fact that, having the opportunity to take the stand and exculpate himself, the defendant declined to do so." The plaintiff in the case under consideration failed to become a witness.

The tenth exception assigns error in refusing to set aside the verdict, on the ground that the jury found for the defendants generally, including the defendant, A. L. Dantzler, who did not answer the complaint, and whose liability is admitted. The record does not disclose the fact that this ground was urged upon the motion for a new trial; but the record does show that A. L. Dantzler has not entered up judgment on said verdict.

Furthermore, this objection should have been interposed when the verdict was announced.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS. *I dissent.* The evidence shows conclusively that A. L. Dantzler was not only a member of the defendant copartnership but the manager of the business, and his authority to give the notes sued on is beyond controversy. Any private understanding among the members of the firm that he should not give notes or borrow money was not binding on third persons without notice, and there was no evidence that the plaintiff had notice of such understanding. There was evidence of great confusion in the partnership books kept by A. L. Dantzler and of irregularities in the conduct of the business which might justify the inference that he had misappropriated some of the funds of the partnership, including perhaps the money received for the notes on which the plaintiff seeks to recover. But so far from the evidence offered by the defendants showing that the notes were taken by the plaintiff in collusion with A. L. Dantzler for the purpose of defrauding the partnership, it tended to show affirmatively the actual payment by the plaintiff to A. L. Dantzler, the managing partner, of the money for which the notes were given. For, on June 1st, 1901, the date of the first note for $216, given by Cox & Dantzler, due twelve months after date, the check of the plaintiff to Cox & Dantzler was paid by the Bank of Darlington; and on September 13th, 1901, the date of the second note for $79.50, plaintiff drew from the Bank of Darlington $75, and this gives color to the claim that he paid that sum to A. L. Dantzler when he took the note on the same day. The difference between the amount paid by the plaintiff and the face of the note manifestly represents the interest. A. L. Dantzler testified he received these sums from his brother for the notes, and there was no evidence to the contrary. Any fraudulent appropriation of this money to his own use by the partner

whom the defendants had entrusted with the management of the business could not affect the plaintiff, unless he had notice of an intention to misappropriate. So far as I can discover, there was no evidence of such notice. A. L. Dantzler and D. K. Dantzler are brothers, and the defendants proved intimate relations between them, but knowledge by the plaintiff of his brother's improper conduct of the business of Cox & Dantzler was not proved. Business transactions between members of the same family in which the outside world is concerned, as has been often held, should be subjected to more than ordinary scrutiny, but a business transaction is not presumed to be fraudulent merely on the relationship or intimacy of the parties.

In argument much stress was laid on the failure of the plaintiff to testify in exoneration of himself from the charge of fraudulent collusion, and this is the only point upon which it seems to me there is any room for doubt. The rule of law as well as of common sense is that if there is any evidence of fraud against a party, his failure to take the stand and give his version imparts additional strength and significance to such evidence. But where there is simply a charge of fraud, unsupported by any evidence, no inference is to be drawn against the party charged from his failure to testify. The defendant in all cases may sit in silence until the plaintiff has offered some proof against him, and cases in which fraud is charged are not exceptions to the rule.

As a result of these views, I think the Circuit Judge was right in admitting in the first instance all the testimony as to any irregularity or fraud of A. L. Dantzler in the conduct of the firm's business, for all this was a necessary preliminary to connecting the plaintiff with such irregularities or fraud. But when the defendant failed to connect the plaintiff with any of the alleged wrong-doing on the part of A. L. Dantzler, the testimony became incompetent and should have been stricken out. For the same reason I think there should have been a new trial, because the verdict for the defendants was without evidence to support it.