## 7221

## DAVIS v. ATLANTA AND CHARLOTTE AIR LINE RY. CO.

1. CARRIER—PASSENGER—NEGLIGENCE—PROXIMATE CAUSE.—That a train failed to stop at a station to which a passenger had paid his fare is evidence of negligence, and the presumption that injury to passenger was due to carrier's negligence carries issue of proximate cause to the jury.

2. IBID.—IBID.—CONTRIBUTORY NEGLIGENCE.—It is not contributory negligence *per se* for a passenger to go onto the platform of the car at his station, having reason to believe the train is going to stop there.

Before GARY, J., Pickens, April, 1908.       Affirmed.

Action by Lula H. Davis, as administratrix, against Atlanta and Charlotte Air Line Railway Company. From judgment for plaintiff, defendant appeals.

*Mr. J. P. Carey,* for appellant, cites: *Plaintiff must show negligence of defendant as proximate cause of injury:* 21 S. C., 470; 34 S. C., 450; 62 Am. Dec., 324; 56 Am. St. R., 843; 5 Am. R., 60; 95 N. S., 439; 65 Am. St. R., 36; 46 Am. St. R., 849; 53 Am. St. R., 815; 72 S. C., 114. *Contributory negligence:* 58 S. C., 495; 56 S. C., 91; 72 S. C., 336, 114; 78 S. C., 380; 63 N. Y., 556.

*Messrs. Morgan & Mauldin,* contra, cite: *Was going on platform negligence?* 9 Rich., 84; 62 S. C., 130; 5 Ency., 682; 88 Ala., 256; 41 A. & E. R. R. Cas., 149; 51 S. C., 150; 67 S. C., 64; 147 U. S., 583.

June 17, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, Lula H. Davis, as administratrix, brought this action against the Atlanta and Charlotte Air Line Railway Company for the alleged negligent killing of her husband, John W. Davis. There was evidence tending to prove that on 22d September, 1905, Davis was a passenger on defendant's train between Easley and Beverly, having paid his fare to the latter place, which is a flag station; that on drawing near to Beverly the train blew the usual stop signal and slowed down, and that deceased went to the back platform and down on the steps in order to alight; that instead of stopping the train's speed was quickened, and that thereupon deceased attempted either to re-enter the coach or to pass to the other side of the platform, when a sudden jerk of the cars threw him off and he sustained a fatal injury.

On the trial of the cause motions for a nonsuit and for a new trial were overruled by the presiding Judge. The five

grounds urged in favor of these motions present two questions for the consideration of this Court: (1) Was there any evidence of negligence of defendant which was a proximate cause of the injury? (2) Did the evidence admit of no other inference than that the plaintiff was guilty of contributory negligence?

The fact that the train failed to stop at the station to which testimony tended to show that the deceased had paid his fare, was evidence of negligence on the part of the carrier (*Cooper* v. *Ry.*, 56 S. C., 91, 34 S. E., 16), and added to this is the presumption that the injury to plaintiff as a passenger was due to the carrier's negligence. *Cooper* v. *Ry.*, 61 S. C., 345, 39 S. E., 543; *Steele* v. *Ry.*, 55 S. C., 389, 33 S. E., 509; *Zemp* v. *Ry.*, 9 Rich., 89. On this evidence of carrier's negligence the question of proximate cause was properly submitted to the jury. *Doolittle* v. *Ry.*, 62 S. C., 130, 40 S. E., 133.

The rule is established in this State by the case of *Zemp* v. *Ry. Co., supra,* that it is not contributory negligence *per se* for a passenger to go on the platform of a train for the purpose of alighting, having reason to believe that the train is about to stop at his station. It follows, from the evidence above stated, that the issue of contributory negligence was properly submitted to the jury.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.