## 9192

JERNIGAN, AS ADMX., v. ATLANTIC COAST LINE R. R. CO.

(86 S. E. 198.)

CARRIER AND PASSENGER. EVIDENCE. ISSUES. NONSUIT. CHARGE. CONTRIBUTORY NEGLIGENCE. PASSENGER ON PLATFORM INJURED.

1. CARRIERS—INJURY TO PASSENGER—ACTION—PLEADING—EVIDENCE TO SUPPORT.—Where, in an action against a railroad for injuries to a passenger on the platform of a train, the complaint alleged that it was the defendant's custom to stop such train before leaving a station, the introduction of testimony in support of such allegation was proper.

2. CARRIERS—DEATH OF PASSENGER—DISMISSAL—GROUNDS.—In an action against a railroad for death of a passenger, where there was testimony tending to prove the allegations of the complaint, the refusal of the road's motion for nonsuit and direction of verdict, on the ground that there was no testimony sustaining the cause of action for punitive damages, was proper.

3. APPEAL AND ERROR—HARMLESS ERROR—INVITED ERROR—REQUESTED CHARGE.—Where the trial Court charged as requested by appellant, the latter could not complain of errors in such charge.

4. CARRIERS — INJURY TO PASSENGER — ACTION — INSTRUCTION. — In an action against a railroad for death of a passenger while riding on a platform of the train, a charge that if a passenger, without any emergency excusing it, rides in an obviously dangerous place, which he knows, or ought to know, is not provided for passengers, and the act contributes as a proximate cause to his injury, he is guilty of contributory negligence, that it is negligence if it is obviously dangerous for a passenger to be on the platform, and not negligence if it is not obviously dangerous, it being a question for the jury to determine under all the evidence in the case, taken in connection with what the jury has been instructed as to a man's rights on a car, and that the question is whether the passenger was at a place where he had no right to be, a place openly and obviously dangerous, and where he had no right to be under the law, as the Court had given it to the jury, was not prejudicial to defendant railroad.

5. CARRIER AND PASSENGER — INVITED CHARGE — CONTRIBUTORY NEGLIGENCE.—Where the trial Judge, at defendant's request, charged, "If a passenger, without any emergency excusing it, rides in a place of obvious danger, which he knows, or ought to know, is not provided for passengers, and such act contributes as a proximate cause to his injury, he is guilty of contributory negligence, and cannot recover;" an assignment of error on the part of the trial Judge, in that he made test of decedent's negligence, the existence of obvious danger in standing on the platform, rather than the absence of sufficient excuse or necessity for so doing, cannot be sustained.

· Before MAULDIN, J., Orangeburg, Fall term, 1914. Affirmed.

Action by Sophia F. Jernigan, administratrix of the estate of W. P. Jernigan, deceased, against Atlantic Coast Line Railroad Company, H. B. Strickland and J. A. Henry. From judgment for plaintiff, defendant appealed on the following exceptions:

1. That his Honor erred, it is respectfully submitted, in allowing the plaintiff's counsel, over the objection of the defendants' counsel, to introduce evidence to show that it was the custom for this particular train to be backed out of the siding at Copes, S. C., and stopped a second time at the station for the purpose of letting passengers get on and off, and by such custom endeavored to explain the reason that the deceased had for being on the platform of the moving train, the error being that the proof showed that the train had stopped at the station for more than a sufficient length of time to let passengers off and on and had then pulled into the sidetrack beyond the station, and that the deceased had been afforded more than ample opportunity to board the train and had actually boarded it, and as to him the railroad company owed no duty whatsoever under the law to stop again at the station at which he embarked, and he had no right to rely on any custom of that kind.

2. That his Honor erred, it is respectfully submitted, in refusing to grant a nonsuit on the cause of action based on wilfulness at the close of plaintiff's case, for the reason stated in the ground of the motion for a nonsuit, which was as follows:

FOOTNOTE.—As to liability of railroad for injuries received by ·passenger riding upon platform, see notes in 1 A. & E. Ann Cas. 315, 10 *Ib*. 816, 1 L. R. A. (N. S.) 1145, 22 *Ib*. 313, *Ib*. 253; as to contributory negligence on behalf of such passenger, see notes in 24 L. R. A. 710, 29 L. R. A. (N. S.) 325, 21 ·L. R. A. (N. S.) 715, 17 L. R. A. (N. S.) 158.

"Each of the defendants moves for a nonsuit on the cause of action based on wilfulness on the ground:

"First. That there is no evidence of any wilfulness or wantonness on the part of any of the defendants or of all the defendants, and no verdict can be based thereon."

3. That his Honor erred, it is respectfully submitted, in refusing to direct a verdict in favor of the defendants, a motion therefor being made at the close of the entire case, for the reasons stated in the grounds of said motion, which were as follows:

"Each of the defendants moves for a directed verdict on the cause of action based on wilfulness on the grounds:

"First. That there is no evidence of any wilfulness or wantonness on the part of any of the defendants or all of the defendants, and no verdict can be based thereon.

"And each of the defendants moves for a directed verdict on the cause of action based on negligence on the grounds:

"First. That there is no evidence of any negligence on the part of any of the defendants or of all the defendants, and no verdi t can be based thereon.

"Second. That the entire evidence shows that the accident to the deceased, and his resulting death, was due to his sole negligence as the proximate cause thereof.

"Third. That the entire evidence shows that the accident to the deceased, and his resulting death, was due at least to his own contributory negligence as a proximate cause thereof, without which it would not have happened.

"Fourth. That there is no evidence that the deceased was a passenger on the defendant railroad company's train at the time of his fatal accident.

"Fifth. That the entire evidence shows that at the time of his fatal accident on the train of the defendant railroad company, the deceased was a trespasser on said train, and there is no evidence that he was wilfully or wantonly injured."

4. That his Honor erred, it is respectfully submitted, in charging the jury as follows:

"The standing of a passenger on the platform of a moving coach is not *per se* negligence (that is, not negligence within itself). The mere fact of the standing of a passenger on the platform of a moving coach is not within itself negligence, but if it is obviously dangerous to do so, it is negligence. Whether or not a passenger is guilty of negligence in standing on the platform of a moving coach is a question solely for the jury and depends on the facts and circumstances of the particular case."

The charge, as given, is erroneous for the reason that whether a passenger is guilty of negligence in standing on the platform of a moving coach is not a question solely for the jury, but it is negligence *per se* for a passenger to occupy such a place as one of obvious danger to any man in his senses on a train that is leaving a station and by the very manner of its operation is known to every one to be constantly increasing its speed.

5. That his Honor erred, it is respectfully submitted, in giving the jury the following charge:

"Contributory negligence will defeat a recovery. That means, gentlemen, that if a man is injured by the negligence of another and his own contributory negligence is the cause, then he can not recover. In other words, you must get at the thing that really is the proximate or immediate cause that leads up to the injury."

The error being, that in order for contributory negligence to defeat a recovery, it is not necessary to prove that it was the cause of an injury, but it is sufficient to prove that it was a proximate cause thereof.

6. That his Honor erred, it is respectfully submitted, in refusing to charge, without modification, defendant's second request, which was as follows:

"Where the car provided by the railroad company for the transportation of passengers affords even standing room

5—102

therein, for the accommodation of passengers, it is the duty of a passenger to keep off the platform of the car while the train is in motion, and unless the passenger can show that he went out on the platform of the car by an order or invitation of the carrier, or can prove a necessity warranting him in being on the platform of such moving car, his presence upon the platform is negligence *per se,* and he can not recover if he sustains injuries by reason of his being in such place when he would not have sustained them had he been in the car."

And in adding the following modification to said request:

"Now, then, gentlemen, it is negligence if it is obviously dangerous to be on the platform, and if it is not obviously dangerous to be on the platform, it is not negligence, and that is a question for you to determine by all the evidence in the cause and in connection with what I have told you as to a man's rights on a car."

The error being:

(a) That the request, as presented, contained a sound proposition of law directly applicable to the facts of the case.

(b) That the modification lost sight of the rule requiring a person on a platform of a moving train to show an excuse or necessity for being there, and allowed him to be there even without excuse or necessity, provided the jury could find it was not obviously dangerous for him to be in such position.

(c) The proof showed that this was a train leaving a station and not in the act of stopping at a station, and upon a train being so operated, it must be held as a matter of law to be negligence *per se* for a party to stand on the platform of one of the coaches.

7. That his Honor erred, it is respectfully submitted, in refusing to charge, without modification, defendants' third, fourth, fifth, sixth and seventh requests, for the reason that, as drawn, said requests contained sound propositions of law,

directly applicable to the facts of the case, and the Court modified them in such a manner as to leave it to the jury to excuse the conduct of the deceased in being upon the platform of a train leaving a station without proof of any necessity or excuse therefor, and upon their finding that it was not obviously dangerous, it being respectfully submitted that it is negligence as a matter of law for a passenger to stand on the platform of a train that is leaving a station, and he can not be excused on any other theory than by proving a necessity therefor.

8. That his Honor erred, it is respectfully submitted, in refusing to charge, without modification, the defendants' eighth request, which was as follows:

"I charge you further that a passenger who is afforded even standing room in the vehicle provided by the carrier for the transportation of passengers has no right to go upon the platform of a moving train that is leaving a station, as he must be held to know that such a train is likely to increase its speed, and his act in going on the platform under such circumstances, without any excuse or necessity, is such negligence on his part as will bar recovery."

The modification of which was as follows:

"Now, gentlemen, I want to say to you again, that it is a question for you to determine whether or not ·it was obviously dangerous, openly dangerous, for the plaintiff's intestate in this case to be in that position where the testimony in this case shows that he was. If it was, then this request would be perfectly applicable."

The error being that the request, as it was drawn, contained a sound proposition of law, directly applicable to the facts of the case, and the modification thereto does not state a correct principle of law, as the question of obvious danger, under the circumstances detailed in the request as drawn, does not enter into the question of the duties required of the passenger, but the law will hold him negligent under the cir-

cumstances detailed, regardless of proof or disproof of obvious danger.

9. That his Honor erred, it is respectfully submitted, in refusing to charge, without modification, defendants' ninth request, which was as follows:

"I charge you further as a matter of law that the fact that a passenger who is afforded ample accommodations in a car provided for his transportation goes upon the platform of the car of the train when the train is leaving the station and likely to increase its speed merely to deliver a message, or on some similar personal ground, is not impelled by such necessity as will keep his act in going on the platform from being negligence *per se.*"

And which was modified as follows:

"*Provided,* In addition to this, you find that it was obviously dangerous for a man of ordinary prudence and reason to do what plaintiff's intestate did, or is alleged to have done in this case."

The error being, that the request, as it was drawn, contained a sound proposition of law, directly applicable to the facts of the case, and the modification thereto does not state a correct principle of law, as the question of obvious danger, under the circumstances detailed in the request as drawn, does not enter into the question of the duties required of the passenger, but the law will hold him negligent under the circumstances detailed, regardless of proof or disproof of obvious danger.

10. That his Honor erred, it is respectfully submitted, in refusing to charge, without modification, defendants' tenth request, which was as follows:

"It is alleged in this case that the train upon which it is alleged the deceased was a passenger was a mixed train and I charge you as a matter of law that 'a passenger riding on a freight train or a mixed train must be deemed to assume all the inconveniences and risks usually incident to transportation or travel upon such trains, and is not entitled to

insist upon having the same care and attention that he might justly demand upon a regular passenger train. The nature of the train may also have an important bearing upon the question of contributory negligence. As the passenger upon the freight train assumes the risks usually and reasonably incident to that means of conveyance, and must take notice thereof; he must exercise ordinary and reasonable care to guard against injury from such risks and must not voluntarily take a position where he is likely to' be injured by a sudden jerk of the car, resulting from the taking up of the slack, in the ordinary way, or the like.' "

The modification of which was as follows:

"I charge you, in addition to that, that such a person is charged with assuming the risks usually and reasonably incident to that means of conveyance, and the jury is to determine whether it was obviously dangerous to be where the person injured is alleged to have been. Whether or not a person of ordinary prudence would have done that. I don't mean to qualify the language of the Supreme Court, but so far as determining whether it is obviously dangerous for a person to be in a given place, that is to be determined by the jury."

The error being, that the request, as it was drawn, contained a sound proposition of law, directly applicable to the facts of the case, and the modification thereto does not state a correct principle of law, as the question of obvious danger, under the circumstances detailed in the request as drawn, does not enter into the question of the duties required of the passenger, but the law will hold him negligent under the circumstances detailed, regardless of proof or disproof of obvious danger.

11. That his Honor erred, it is respectfully submitted, in refusing to charge, without modification, defendants' eleventh request to charge, which was as follows:

"When a person enters a car provided for passengers by a carrier, with the *bona fide* intention of becoming a pas-

senger to a station on the carrier's line, he thereby enters into a contract with the carrier to transport him, with the highest degree of care, to his destination. The statute law of the State required the carrier to afford a passenger a reasonably sufficient time to get aboard the car upon arrival of the train at the place from which he takes passage, but I charge you that neither the contract of carriage, nor the law required the carrier to make a second stop at such station for the benefit of a passenger who has already been afforded the opportunity and who has, as a matter of fact, taken passage by obtaining a seat in the car, and such passenger, under these circumstances, can not charge it as an act of negligence against the carrier for failing to make a second stop, his only right being to require the carrier, under the law and under his contract, when he has been afforded a sufficiently reasonable time to obtain passage and has actually obtained it, to carry him to his destination and to stop the train there to allow him to alight or to otherwise accommodate him.

"I, therefore, charge you that if you find from the evidence that the deceased was given an ample opportunity to board the train while it was at rest at the station and did actually board it, he could not legally require the defendant company to make a second stop for him at such station."

The *modification* of which was as follows:

"I will add this, it for the jury to say under all the facts and circumstances developed in the case as to what was the established custom as to stopping trains pursuant to the requirements of the statute bearing upon the subject and the jury are to say as to whether the deceased was warranted in relying upon any established custom in doing what he is alleged to have done. In that connection I want to read you section 3225 of the statute. (Reads.)

"Now, gentlemen, so far as this request to charge and its *modification* as I have read it to you, I charge you that it is for you to say from the evidence in the case whether there

has been a custom established there pursuant to the act and by the railroad company in carrying out that statute. Whether there was a custom and what that custom was, if any.

"Mr. Raysor: If there was a custom there to stop twice, that would be in contravention of the statute.

"The Court: There may have been more than one way of complying with the statutory requirements, the question in this case is whether from the evidence there has been established a custom there, and, if so, what that custom was."

The error being, that the request, as submitted, contained a sound proposition of law, and as the proof showed beyond any question that the deceased had been afforded an opportunity to board the train, had actually done so, and after doing so, had stayed aboard the train in the sidetrack for some time, he could not, as a matter of law, rely on any custom to stop the train at the station a second time, as the railroad company had complied fully with its duties as to him in every particular.

*Mr. Henry E. Davis,* for appellant, submits: *Testimony as to custom with regard to stops at station irrelevant:* 93 S. C. 125. *Requested charge thereon:* 82 S. C. 463; Code, sec. 3225; 67 S. C. 61; 69 S. C. 445; 87 S. C. 375; 18 R. R. Reports [41 A. & E. Ry. Cas. (N. S.)] 320; 25 S. C. 30. *Charge on test of decedent's negligence.*

It is the law, not only of this Court, but in every reputable jurisdiction where the common law prevails, that a passenger who is afforded a seat in a car (which is the case here, even if it be conceded that this man was a passenger), must stay in the place provided for him by the carrier, and has absolutely no business on an open platform of the train while it is in motion between stations. We do not contend that it is negligence *per se* for a passenger ever to be on the platform of a moving train; on the contrary, we know there

are many times when he has the right to be there, and there
are numerous cases that have so held.   In fact, there are
decisions of this Court that have held it was negligence *per
se* for a passenger to be on the platform of a moving train
or in some other place not provided for him, and there are
cases in this Court which have held directly to the contrary.
As we view them, however, this question of conflict is more
seeming than real, for the reason that they can be clearly
separated into two distinct classes.   In the first class of
cases, that is those holding that it was not negligence *per se*
for the passenger to be on the platform or other place not
intended for riding, it was shown either that he had business
there or that he could prove an excuse or necessity for being
there.   Of this class of cases, the far larger part embraced
those where the passenger came upon the platform as the
train was in the act of stopping at his destination, thus
proving conclusively that he had a right to be there.

The cases belonging to the first class are found in: 9
Rich 84; 51 S. C. 150; 61 S. C. 345; 62 S. C.; 130; 83
S. C. 26; 83 S. C. 66; 85 S. C. 216; 88 S. C. 223; 89 S. C.
122; 94 S. C. 324; 96 S. C. 456.

In the second class of cases, that is those holding that it
was negligence *per se* for the passenger to be on the plat-
form, he had no business that required him to be there and
could furnish no excuse or necessity to explain his presence
there.

Those belonging to the second class are found in: 58 S. C.
491; 72 S. C. 114; 72 S. C. 336; 80 S. C. 336; 81 S. C. 100;
81 S. C. 275; 90 S. C. 42; 97 S. C. 465.

But the question of obvious danger has never been
allowed to operate in any case where the passenger or other
party could not explain his presence on the platform or
other improper place by the excuse of right as a matter of
business or some other necessity equally entitled to respect
in the law.   5 R. C. L. "Carriers," sec. 674; 3 Hutch.
Carriers, sec. 1197; 72 Am. St. Rep. 121; 4 Elliott on

R. R's, secs. 1629, 1630; 61 S. E. 171 (28 R. R. 735); 97 N. W. 431, 10 R. R. 602; 29 L. R. A. (N. S.), note on p. 325; 162 Fed. 665; 93 Am. Dec. 495, note; 43 Am. Dec. 366, note; 91 Am. St. Rep. 345; 88 Am. St. Rep. 827; 71 Am. St. Rep. 767; 128 Am. St. Rep. 1021; 32 Am. St. Rep. 17; 61 Am. St. Rep. 90 and note. *Assumption of risks incident to operation of freight trains:* Elliott, R. R's, sec. 1629; 100 Am. St. Rep. 621; 2 *Ib.* 346; 58 Am. Rep. 111; 38 Fed. 822; 55 S. C. 389; 65 S. C. 447; 77 S. C. 337. *Plaintiff bound to prove his allegations:* 45 S. C. 278; 84 S. C. 54. *No duty to make second stop, hence no negligence:* 83 Am. St. Rep. 302; 58 S. C. 491. *Intoxication of plaintiff:* 53 Ind. 163; 72 S. C. 162. *Nonsuit:* 58 S. C. 491; 85 S. C. 216; 81 S. C. 100; 90 S. C. 42. *Charge on proximate cause:* 58 S. C. 228; 59 S. C. 311; 70 S. C. 470; 71 S. C. 58; 73 S. C. 500.

*Messrs. Adam ·H. Moss* and *William L. Glaze,* for respondent, cite: *As to evidence:* 72 S. C. 449; 76 S. C. 476. *Custom as to stopping:* 39 N. E. 797; 66 S. C. 528; 96 S. C. 456; 57 S. C. 209. *Explanation of deceased's presence on platform:* 51 S. C. 154. *Nonsuit properly refused:* 89 S. C. 314; 65 S. C. 444; 75 S. C. 293; 61 S. C. 357; 72 S. C. 354; 60 S. C. 74; 65 S. C. 430; 77 S. C. 377; 76 S. C. 378; 52 S. C. 323. *Evidence of conductor's wilful acts:* 73 S. C. 502; 93 S. C. 342; 77 S. C. 370; 62 S. C. 138; 52 S. C. 444; 72 S. C. 392; 52 S. C. 566; 51 S. C. 154; 55 S. C. 392; 66 S. C. 537. *Charge proper:* 51 S. C. 150; 62 S. C. 142. *Not misleading:* 78 S. C. 70; 75 S. C. 307. *Proximate cause:* 62 S. C. 141; 61 S. C. 360; 90 S. C. 431; 70 S. C. 492; 94 S. C. 324. *Rights of passenger while on platform:* 4 R. C. L. 494; 32 C. C. A. 1; 1 L. R. A. (N. S.) 861. *Questions for jury:* 81 S. C. 111; 96 S. C. 458. *Failure to stop in accordance with custom:* 77 S. C. 370; 66 S. C. 528; 96 S. C. 456; 57 S. C. 208.

September 11, 1915.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for damages, alleged to have been sustained through the negligence and recklessness of the defendant, in causing the death of plaintiff's intestate.

The allegations of the complaint material to the questions under consideration are substantially as follows:

That on the 14th of February, 1913, while the local freight train of the defendant was standing upon the sidetrack at Cope, some distance south of the ticket office at said station, plaintiff's intestate went into the passenger coach which the said local freight carried, and which was attached to the rear of said train, and became a passenger.

That shortly after plaintiff's intestate became a passenger, defendant caused the said train to back off the sidetrack on the main line, and to run up the main line to a considerable distance, until the switch could be changed, so that the said train in leaving the said station could go out upon the main line.

That as soon as the switch was changed, the defendant caused the train to move forward slowly down the main line towards the ticket office, as if to stop the passenger coach opposite and in front of the ticket office, where it was the custom of the defendant always to stop said coach for the purpose of taking on passengers before leaving said station.

That as said passenger coach was about opposite the ticket office, moving along slowly up the main line, plaintiff's intestate came out upon the front platform thereof, and called and beckoned to his son, and while standing upon said platform, said coach which was then opposite and in front of the ticket office, and at the usual and regular stopping place at said station for taking on and letting off passengers, the defendant by its negligence and recklessness suddenly increased the speed of the train, and at the same time caused it to jerk suddenly and violently and to move

on jerking, and to leave said station at a reckless and increasing rate of speed.

The defendant denied certain allegations of the complaint, and set up the defense of contributory negligence.

The jury rendered a verdict in favor of the plaintiff for $5,000, and the defendant appealed upon exceptions which will be reported.

1   The first assignment of error is because his Honor, the presiding Judge, allowed the plaintiff to introduce testimony to show that it was the custom of the defendant to stop said train, before leaving the station, for the purpose of taking on passengers.

There were allegations in the complaint showing such custom.

The defendant did not, therefore, have the right to object to testimony sustaining such allegations. *Milhouse* v. *Ry.,* 72 S. C. 442, 52 S. E. 411.

2   The next assignment of error is because his Honor refused the motions for a nonsuit and the direction of a verdict, on the ground that there was no testimony tending to sustain the cause of action for punitive damages.

It is only necessary to say that this exception can not be sustained, for the reason that there was testimony tending to prove the allegations of the complaint.

3, 4, 5   The remaining question arises out of the exceptions assigning error on the part of his Honor, the presiding Judge, as to the test of negligence of a passenger who is injured while on the platform of the car.

His Honor, the Circuit Judge, charged the following request, which was presented by the defendant:

"If a passenger, without any emergency excusing it, rides in a place of obvious danger, which he knows, or by the exercise of ordinary care ought to know, is not provided for passengers, and such act contributes as a proximate

cause to his injury, he is guilty of contributory negligence, and can not recover."

In disposing of defendant's second request, the presiding Judge charged the jury as follows:

"Now, then, gentlemen, it is negligence, if it is obviously dangerous to be on the platform, and if it is not obviously dangerous to be on the platform it is not negligence, and that is a question for you to determine by all the evidence, in the case, *and in connection with what I told you as to a man's rights on a car."* (Italics added.)

He also charged the jury that "the question in this case is whether plaintiff's intestate was at a place where he had no right to be, whether he was at a place that was openly and obviously dangerous, *and where he had no right to be under the law as I have given it to you."*

There are two reasons why the exceptions raising this question can not be sustained.

1. The Circuit Judge charged the jury as requested by the defendant, and

2. When the charge is considered in its entirety, it will be seen that it was not prejudicial to the rights of the defendant.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur in the opinion of the Court.

MR. JUSTICE GAGE dissents.