## 10235

### PEARSON v. PIEDMONT & N. RY. CO.

(99 S. E. 811.)

(Two Cases.)

1. CARRIERS — JURY QUESTION — TRESPASSER. — Evidence that deceased paid his fare to some one who demanded it of him while riding on defendant's interurban train *held* to make a jury question whether the deceased paid an authorized person or was a trespasser.

2. CARRIERS—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.—Conflicting evidence as to whether deceased was on a pilot in front of engine or was standing on a platform between cars of defendant's interurban railway, when killed, *held* to make his contributory negligence a jury question.

3. TRIAL—INSTRUCTIONS ASSUMING FACTS.—In a personal injury action against an interurban railroad, requested instructions assuming that deceased was standing on a pilot in front of the engine when killed were properly refused where the evidence conflicted on the issue.

Before SEASE, J., Spartanburg, Summer term, 1918. Affirmed.

Action by Thomas P. Pearson, administrator of the estate of S. F. Pearson, deceased, against the Piedmont & Northern Railway Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Haynsworth & Haynsworth, Nicholls & Nicholls, Jno. Gary Evans, Osborne, Cocke & Robinson,* for appellant, submit: *That there was no emergency requiring Pearson to ride upon the pilot of the engine, nor was he invited to do so:* 81 S. C. 1; 91 C. C. A. 358. *Pearson was a trespasser and this would be the case even though he went there with the knowledge and permission of the conductor— he was guilty of contributory negligence, and was guilty of contributory wantonness and negligence:* 63 S. C. 46; 80 S. C. 1; 81 S. C. 100; 18 L. R. A. (N. S.) 763; 90 S. C. 42; 3 Elliott on Rys. 1253; 69 L. R. A. 544n; 57 S. C. 243; 25 L. R. A. 79; 19 L. R. A. 79. *Person riding on cow-catcher or other improper place is not a passenger and no duty is owing until discovery of presence of other servants:* 19 L. R. A. (N. S.) 988; 37 L. R. A. (N. S.) 418; 40 L. R. A. (N. S.) 563; 36 L. R. A. (N. S.) 887; 44 L. R. A. (N. S.) 687; 95 U. S. 439; 241 Fed. 454; 62 S. C. 579; 38 S. E. 330; 60 S. E. 1079. *The servants of a railroad owe a trespasser on a train no duty other than not to injure him wantonly or wilfully:* 160 N. Y. S. 922; 43 Am. St. Rep. 38; 14 Am. St. Rep. 411; 51 C. C. A. 564; 33 S. W. 379; 128 S. W. 60; 22 Barb. 91; 37 L. R. A. (N. S.) 426; 75 Pac. 212; 62 S. E. 579; 23 S. C. 532; 95 U. S. 439; 51 S. C. 150.

*Messrs. Bomar & Osborne,* for respondent, submit: *Counsel's contention is not good law, even as against an admittedly bald trespasser and dead-beat:* 67 S. C. 396; 23 S. C. 535; 69 S. C. 342; 51 S. C. 154. *It was a question of fact for the jury as to whether or not deceased was a passenger:* 51 S. C. 154; 83 S. C. 62. *A passenger who places himself in an exposed position retains his rights as a pas-*

senger, the reasonableness of his excuse for being there is a question for the jury, if he be injured: 62 S. C. 353; 62 S C. 140; 9 Rich. L. 84; 81 S. C. 271; 102 S. C. 74; 81 S. C 469; 90 S. C. 42, and several other cases cited by appellant's counsel are clearly distinguishable from case at bar. If there is reasonable necessity or excuse for being in an exposed place, or if one be invited actually, or impliedly invited by the train officials to ride in that exposed position, it is a question of fact for the jury to determine whether or not a person of ordinary prudence would have been there under all the circumstances: Cooper v. Ry., Martin v. Railway and other cases. Talbert v. Ry., 96 S. C. 469, not in point. Even if deceased's being on the engine was reck lessness, the question of proximate cause was for the jury 51 S. C. 156; 67 S. C. 396; 83 S. C. 68; 62 S. C. 140; Temp v. Ry., Cooper v. Ry.; 26 S. C. 154; 103 S. C. 321; Clyde v So. Pub. U. Co. (S. C.), 96 S. E. 117. There may be extraordinary and peculiar circumstances under which a passenger may rightfully ride upon an engine: 4th Vol Elliott on Rys., p. 2463-4. A person upon a railroad train is prima facie presumed to be a passenger: 52 S. C. 566; Martin v. Ry., supra. As to the duty of railroads to persons occupying dangerous positions outside of the coaches, and where passengers are not supposed to be: 29 L. R. A. (N. S.) 325. Duty of railroads to anticipate needs and furnish adequate cars and seats, and liability for failure to do so: 94 S. C. 282; 96 S. C. 469; 81 S. C. Civil Code, sec. 3428. As to presumption of negligence by injury to passenger: 83 S. C. 68; 62 S. C. 136. Railroad owes due care to even a drunken licensee: 105 S. C. 300, and to deaf man on track: 93 S. C. 339, and to one crossing between cars blocking highway, even though not invited and not known to be there: 49 S. C. 12. The failure to furnish sufficient cars to handle the crowd, so as to provide room for Pearson, may have been the proximate cause of his death, and this was for the jury: 81 S. C. 6-7.

July 14, 1919.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action for death by the wrongful act. The appellant owns and operates an electric railway, between Camp Wadsworth and Spartanburg. On account of the great number of workmen who labor at Camp Wadsworth in the day, and sleep in Spartanburg at night, the railway company was unable to meet the great demand upon its transportation department. The company put on a special train for workmen, which was moved by a steam locomotive. On the 17th October, 1917, the electric train left the station at the camp only a few minutes (some say five minutes) ahead of the steam train. Both used the same track. Both trains were loaded beyond their capacity. There is evidence that the workmen's train was not only crowded, but that men were standing in the aisles, on the platform between the cars, on the steps, on the tender, in the cab, on the sideboards around the engine, and on the pilot (or rather where the pilot usually is), in front of the engine. On the line of road there is a place where the railway runs through a cut and then out on a fill. The road curves in the cut. When the work train came out of the cut, it found the electric train standing or moving slowly on the fill and not over 300 yards distant. A rear end collision occurred, in which the deceased was so badly mangled that he lingered only few hours and died. As might be expected, when people are killed and wounded, the testimony is conflicting. This death gave rise to two actions, one for the beneficiaries under the statute, and the other for the benefit of the estate of the deceased. The two actions were tried together on Circuit, and in this Court. The defendant moved for a nonsuit and for a directed verdict in its favor on the grounds:

(1) That the uncontradicted evidence shows that the deceased was a trespasser; and (2) that the uncontradicted

evidence shows that the deceased was guilty of contributory wantonness and recklessness in riding on the pilot of the engine.

1. The uncontradicted evidence does not show that the deceased was a trespasser. There is testimony to the effect that the deceased paid his fare to some one who demanded it of him and those standing with him, and it was for the jury to say whether or not it was to one authorized to receive it.

2. The uncontradicted evidence does not show that the deceased wantonly contributed to his own injury. The proposition upon which this whole appeal is based is not uncontradicted. The appellant claims that the deceased was standing on the pilot in front of the engine, and that, when the deceased undertook to ride on the pilot, he assumed voluntarily the most dangerous place on the train and thereby wantonly and recklessly contributed to his own death. One witness testified that Mr. Pearson was standing on the platform between the tender of the engine and the first coach. Another witness said that Mr. Pearson was pinned between the tender and the first coach, and that the platform upon which he had been standing was crushed. It is true that Mr. O'Grady, one of the witnesses, says they were standing on the pilot when the fares were paid, but does not say that the deceased was standing there when the collision occurred. Even if he had said so, there is conflict of testimony, and that made a question for the jury. It is true the platform is made to enable passengers to enter the train and is ordinarily not a place to ride; but in this case there is testimony to show that the train was so crowded that passengers were not only crowded out of the coaches, but even off of the platform into the tender, and from the tender into the cab of the engine.

There was abundant evidence here to carry the question of contributory wantonness and recklessness to the jury.

There are seven exceptions, but they all assume that the deceased was riding on the pilot at the time the injury was received, and the requests to charge could not have been granted.

The judgment is affirmed.