## 11757

### VALENTINE *ET AL.* v. SEABOARD AIR LINE RY. CO.

#### (127 S. E., 724)

1. CARRIERS—QUESTION OF CONTRIBUTORY NEGLIGENCE OF PASSENGER FALLING FROM TRAIN HELD FOR JURY.—Contributory negligence of passenger falling from platform of moving train, which she expected to stop to allow her to alight, *held* a question for the jury.

2. TRIAL—DIRECTED VERDICT UNWARRANTED BY INFERENCE FROM ALL TESTIMONY CANNOT BE GRANTED ON STRENGTH OF CERTAIN PARTS ALONE.—That certain parts of testimony standing alone would entitle defendant to directed verdict does not warrant such relief, where inference from all testimony does not warrant it.

Before TOWNSEND, J., Richland, May, 1924. Affirmed.

Action by Emma Valentine and her husband, David Valentine, against the Seaboard Air Line Railway Company. Judgment for plaintiffs and defendant appeals.

*Mr. J. B. S. Lyles,* for appellant, cites: *Ordinary jerks and jars not actionable negligence:* 10 C. J., 974; 4 Ell. on R. R. (2d Ed.), p. 522; Sec. 1630-A. *Contributory negligence only reasonable inference:* 16 S. C., 1; 90 S. C., 420; 58 S. C., 491; 72 S. C., 336; 81 S. C., 100; 97 S. C., 465. *Cases distinguished:* 83 S. C., 66; 85 S. C., 216; 96 S. C., 456; 102 S. C., 62; 105 S. C., 480; 112 S. C., 220.

*Messrs. John E. Edens* and *C. T. Graydon,* for respondents, cite: *When carrier presumed negligent:* 113 S. C., 261; 118 S. C., 158; 82 S. C., 345. *Contributory negligence not only reasonable inference:* 118 S. C., 261; 112 S. C., 220; 105 S. C., 480; 102 S. C., 62; 96 S. C., 456; 89 S. C., 122; 88 S. C., 223; 85 S. C., 216; 83 S. C., 66; 62 S. C., 130; 61 S. C., 350; 51 S. C., 150; 9 Rich., 84. *Cases distinguished:* 90 S. C., 420; 58 S. C., 491; 72 S. C., 336; 81 S. C., 100; 97 S. C., 465.

May 4, 1925.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff as the result of a fall by the plaintiff from a moving train of the defendant at the station of Swansea, S. C. The jury rendered a verdict for the plaintiff in the sum of $2,200.

The defendant made a motion for a new trial before his Honor, Judge Townsend, the presiding Judge. The following is the order refusing the motion for a new trial:

"A motion for a new trial on the minutes of the Court was made on written grounds filed herewith, the substance of said grounds being that the great preponderance of the evidence sustained the defense of contributory negligence. There was evidence that plaintiff, having been informed by defendant's information agent in Washington, that this was the proper train for her to take to Swansea, boarded the defendant's train No. 1 at Washington, D. C., as a passenger for Swansea, S. C. Between Richmond and Columbia plaintiff inquired of defendant's conductor in charge of the train, whether she would have to change cars for Swansea, and the conductor replied: 'No; this is the train for Swansea.' Because of this information, plaintiff did not change cars at Columbia. After leaving Columbia, she showed her ticket on demand to the new conductor in charge of the train. He then told her, 'This train does not stop at Swansea,' and demanded payment of additional fare from Swansea to Denmark. On her replying she did not have it, the conductor added: 'When we get to Denmark, I will have you arrested or get the money.' There is evidence that the train sometimes, in case of emergency or for orders, stopped at Swansea, though it was not a scheduled point to discharge passengers. After the conversation with the last conductor, and as the train approached the station at Swansea, it slowed down in accordance with a municipal speed ordinance, and blew the whistle three times—which led plaintiff to believe it would, or might, stop. She grabbed her hand baggage and went to the platform, where she found the side door to the

vestibule open, as if to permit a passenger to alight, and there waited for the train to stop. Just as the train passed the station building, it suddenly increased its speed or lurched, and thereby caused the plaintiff to be thrown or fall from the platform through the open door to the ground and to be thereby injured. There was no evidence as to how or why the door to the vestibule passageway became or was left open. Under these circumstances, I left the issue as to plaintiff's contributory negligence to the jury. *Davis v. A. & C. A. L. Ry. Co.,* 83 S. C., 66, 68; 64 S. E., 1015. *Cunningham v. C. N. & L. R. R. Co.,* 96 S. C., 456, 548; 81 S. E., 150. *Brice v. Southern Ry. Co.,* 85 S. C., 216, 220; 67 S. E., 243; 27 L. R. A. (N. S.), 768. *Jernigan v. A. C. L. R. R. Co.,* 102 S. C., 62; 86 S. E., 198. *Pearson v P. & N. Ry. Co.,* 112 S. C., 220; 99 S. E., 811.

"Upon a review of the evidence, I do not think the finding of the jury against the manifest weight of the evidence. It is therefore ordered that the motion for a new trial in the above entitled case be and hereby is refused.

"W. H. Townsend, Presiding Judge."

The pivotal question in the case is whether the preponderance of the testimony sustained the defense of contributory negligence. The testimony was conflicting, and was susceptible of more than one inference, and was properly submitted to the jury.

Furthermore, even if certain parts of the testimony standing alone would have entitled the defendant to a directed verdict, nevertheless, it could not properly have been directed if the inference from all the testimony would not have entitled the defendant to such instruction. *Dantzler v. Cox,* 75 S. C., 334; 55 S. E., 774. *State v. Abelson,* 108 S. C., 356; 94 S. E., 872.

We have not discussed the testimony in detail, as it would unduly prolong the opinion, and would subserve no useful purpose.

Affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION, and MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON ·concur. MR. JUSTICE COTHRAN did not participate..